## Croyle *versus* Moses.

1. Fraudulent representations by a vendor may be as well by acts or artifices calculated to deceive, as by positive assertions.

2. Where upon the sale of a horse the vendor knew him to be unsound in a certain respect, and by artifice concealed the defect, or in answer to inquiries gave evasive and artful replies, with intent to deceive the vendee, and did thereby deceive him to his injury, it was such a fraud on the vendee as would justify him in rescinding the contract.

3. Krumbhaar *v.* Birch, 2 Norris 426, followed.

May 13th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Bedford county :* Of May Term 1879, No. 34.

Case by Thomas J. Croyle against Jacob J. Moses, for the price of a horse.

Plaintiff purchased from defendant a bay horse, for which he paid $110 cash. Soon after he discovered that said horse was a *cribber* or *wind-sucker* and immediately returned him to the defendant and demanded his money. Defendant refused to refund the money, and the following day returned the horse to plaintiff, who declined to take him, and the horse was subsequently sold as a stray. The declaration was upon two counts: 1st. Fraudulent warranty. 2d. Deceit and fraudulent representations. The plaintiff alleged on trial of case, 1st. That defendant, fraudulently warranted or guaranteed the horse to be sound, when he knew that he was a cribber and unsound. 2d. That the defendant used deceit, false representations, artifice and trickery in the sale of said horse.

At the trial, before Hall, P. J., the plaintiff submitted the following points:

5. If the jury believe that plaintiff inquired of defendant if the horse was sound, saying that he would not take him if he was not sound, and then the defendant in order to mislead him replied, by saying he insured him to be sound in his limbs and sound so far he knew, and thus produced a false impression to the injury of plaintiff, this was such a false representation as would render the defendant liable in this case.

6. That if plaintiff saw the horse with "a short hitch," and the rein fastened tightly over the horn of the saddle, and inquired of defendant as to the cause of such hitching and reining; and he replied "that it was to prevent him from rubbing the saddle," when in truth and in fact, it was done to prevent the horse from cribbing or wind-sucking, this was such a fraudulent concealment as would enable plaintiff to rescind the contract, and he should have the verdict.

[Croyle v. Moses.]

7. If the jury believe that at the time of the purchase of the horse by plaintiff, he was a cribber or wind-sucker, and that this fact was known to defendant, and was concealed by him from plaintiff, and that plaintiff asked him if the horse was sound, and defendant did not reply honestly and candidly, or replied evasively or in such a manner as to throw plaintiff off his guard, this was such fraudulent concealment of a latent defect as would avoid the contract, and the verdict should be for the plaintiff.

8. If they believe that plaintiff, at the time of sale, asked defendant "if the horse was sound," and defendant replied: "he is sound as far as I know," or "I don't know," and if at the same time defendant knew the horse was a cribber, this is such a misrepresentation and concealment as renders defendant liable in this suit.

To these points the court answered:

"The defendant was not bound to inform the plaintiff that his horse was a cribber. He had a right to remain silent, and let the purchaser examine for himself, and buy on his own judgment. It is for you to say, from the evidence, if he did so.

"A seller has no right, by words or acts, to mislead a buyer, and prevent an examination or inquiry. But a mere evasive answer is not, of itself, equivalent to a warranty. In morals, it is doubtless true that a man ought to frankly tell his horse's defects to a prospective buyer. But the law does not require this. The seller may keep the horse's defects to himself, if he does not warrant, nor make false representations, nor fraudulent concealment, and the buyer has an opportunity to inspect and test the horse, and buys on his own judgment. The mere short hitching of the horse to a fence, accompanied by the defendant's statement that he thus hitched him to keep him from rubbing the saddle, would not of itself, be a false representation, equivalent to a warranty, if the buyer bought on his own judgment, and after an express refusal on the part of the defendant to warrant the horse."

The verdict was for defendant, when plaintiff took this writ, and, inter alia, assigned for error the answer to the above points.

*King* and *Cessna & Cessna*, for plaintiff in error.—The court did not consider the question of deceit and fraudulent misrepresentations, but submitted the case to the jury as though the only point was whether or not there was a warranty. The concealment of a material fact by a vendor constitutes a fraud: Krumbharr v. Birch, 2 Norris 426. Concealment of a known defect in a horse, not within reach of observation of the vendee, and not made known to him at the sale, will avoid the contract: Cassel v. Herron, 1 Am. Law Reg. 681; Dixon v. McClutchey, Add. Rep. 323; Kimmel v. Lichty, 3 Yeates 262; Price v. Lewis, 5 Harris 51; Cornelius v. Molloy, 7 Barr 293; Pennock v. Tilford, 5 Harris 456; 1 Pars.

on Cont. 580–1.   If vendor suffers vendee to buy under delusion created by his own conduct, it will be deemed fraudulent : 2 Kent's Com. 483–4.

*J. M. Reynolds* and *Russell & Longenecker*, for defendant in error.—The mere silence of the defendant would not avoid the contract : McFarland *v.* Newman, 9 Watts 55 ; Pulhamus *v.* Pursel, 2 Clark Pa. L. J. Rep., 141 ; Weimer *v.* Clement, 1 Wright 147 ; Jackson *v.* Wetherill, 7 S. & R. 480 ; Eagan *v.* Call, 10 Casey 236.   The defendant was not found to disclose this defect : Harris *v.* Tyson, 12 Harris 347.   By "suppressing" or "concealing" a defect, is meant, some positive word or act intended to prevent or hinder its disclosure, and not mere silence.   The rule of *caveat emptor* applies in this case; and it applies with more force, as a rule, to the sale of a horse than any other article : Jackson *v.* Wetherill, 7 S. & R. 480–3.

Mr. Justice MERCUR delivered the opinion of the court, June 23d 1879.

This is an action on the case to recover damages for the fraudulent sale of a horse.   The declaration contains two counts.   One, charging a fraudulent warranty, the other, deceit and fraudulent representations.   Two distinct questions are thus presented; the one, whether the defendant warranted the horse to be sound, the other, whether, without any warranty, he fraudulently and deceitfully practised some trick or artifice in making the sale whereby the plaintiff was deceived and injured.

As bearing in some degree on the first count, we cannot convict the court of error in admitting the evidence covered by the first and second assignments.   The third assignment covers the answer of the court to the fifth, sixth and seventh points submitted by the plaintiff.   No one of these points presents the question of a warranty against the defect complained of, but all of them are based on deceitful, fraudulent and artful statements and representations. Each of them, in different language, substantially requested the court to charge the jury that the defendant was liable, in case he, with intent to deceive the plaintiff, answered him artfully, so as to mislead him to his injury.

The learned judge answered all these points together, and appears to have overlooked the distinction between warranty and deceitful representations.   As was said in Krumbharr *v.* Birch, 2 Norris 426, "It needs no citation of authorities to prove that the wilful misrepresentation or concealment of a material fact by the vendor constitutes a fraud."   But fraudulent representations may be as well by arts or artifices calculated to deceive, as by positive assertions : 2 Kent's Com. *483; 1 Story's Eq., sect. 192; Brightly's Eq., sect. 55 ; Cornelius *v.* Molloy, 7 Barr 293.

[Croyle. v. Moses.]

Although no answer to the points, yet in the absence of artifice or deceitful representations, the jury was correctly told "the defendant was not bound to inform the plaintiff that the horse was a cribber. He had a right to remain silent and let the purchaser examine for himself and buy on his own judgment." The jury was also correctly instructed that "a seller has no right, by words or acts, to mislead a buyer and prevent an examination or inquiry." The error was committed in the next sentence, which declared, "But a mere evasive answer is not of itself equivalent to a warranty." This is undoubtedly true, but is no answer to the points. The request was not for instructions as to what constituted a warranty or what answers were equivalent to a warranty, but as to the effect of fraudulent acts and declarations in the absence of a warranty. The court again interwove the warranty saying: "The seller may keep the horse's defects to himself, if he does not warrant nor make false representations nor fraudulent concealment, and the buyer has an opportunity to inspect and test the horse, and buys on his own judgment. The mere short hitching of the horse to a fence, accompanied by the defendant's statement that he thus hitched him to keep him from rubbing the saddle, would not of itself be a false representation, equivalent to a warranty, if the buyer bought on his own judgment, and after an express refusal on the part of the defendant to warrant the horse." Thus the prominent thought expressed in the answer of the court relates to a warranty, while no such question was presented in the points. They called for no instructions that any "false representations were equivalent to a warranty"; nor that "the mere short hitching of the horse," and the defendant's statement relating thereto, were of themselves equivalent to a warranty. The question presented by the points was substantially, if at the time of the sale the horse was known to the defendant to be "a cribber or windsucker," and this fact was artfully concealed by him to the injury of the plaintiff, whether it was such a concealment of a latent defect as would avoid the contract. The points submitted did not rest on the mere facts that the horse was hitched short and the reasons assigned therefor, but also on the additional facts that the defendant knew him to be a crib-biter, and resorted to this artifice to conceal it, and gave an untruthful reason to mislead and deceive the plaintiff. The complaint is not for a refusal or omission to answer, but for an evasive and artful answer. That the horse was actually a crib-biter, and so known to the defendant, was clearly proved. Whether that defect made him unsound was fairly submitted to the jury, under the evidence. That it lessened his market value seems to admit of no doubt. If the jury should believe, as the plaintiff testified, that he said to the defendant, "If there is anything wrong with the horse, I do not want him at any price," and that the defendant, with knowledge he was a

[Croyle v. Moses.]

crib-biter, answered the plaintiff artfully and evasively, with intent to deceive him, and did thereby deceive him to his injury, it was such a fraud on the plaintiff as would justify him in rescinding the contract. The answer of the court, blending warranty with fraudulent artifices, failed to present the latter to the mind of the jury in a proper manner. The answer was calculated to mislead them as to the law applicable to that branch of the case: Relf *v.* Rapp, 3 W. & S. 21; Wenger *v.* Barnhart, 5 P. F. Smith 300; Gregg Township *v.* Jamison, Id. 468; Stall *v.* Meek, 20 Id. 181.

Judgment reversed, and a *venire facias de novo* awarded.