Sansom *v.* Provident Trust Co., Appellant.

Argued September 30, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

448

*George F. Baer Appel,* and with him *Townsend, Elliott & Munson,* for appellant.

*Edmund W. Kirby* of *Morris and Kirby,* for appellee.

OPINION BY LINN, J., November 20, 1931:

There are two assignments of error: one, to the entry of judgment for want of a sufficient affidavit of defense; the other, to the refusal to open the judgment and permit the defendant to plead matters in defense said to have been discovered after judgment was entered. The application to open the judgment was heard on petition and answer on the merits; no depositions were taken.

The contract, exhibits A and B to the statement of claim, appear in the reporter's statement of the case. Plaintiff sent to the defendant a postal card (with a detachable return-card containing a blank order-form) soliciting defendant's order for copies of the proceedings of the House Committee on Banking and Currency, apparently then considering such subjects pursuant to resolution number 141, of the House of Representatives. The return portion of the card was filled up by the defendant requesting the plaintiff to prepare and send to defendant two copies of the proceedings for which the defendant agreed to pay twenty-five cents per page; this order was signed by the treasurer of the defendant trust company and was mailed to the plaintiff. On March 28, 1930, its receipt was acknowledged by plaintiff, with the statement that the copies "will be sent as soon as possible." On April 19, plaintiff sent to defendant two copies of the proceedings of the committee with a bill for $641.50 calculated at the rate specified in the order. Defendant declined to accept them for the following reasons stated by the treasurer in a letter to plaintiff dated April 24th. "I did not commit myself for any such

bill, nor did I have any intention of committing myself to any such proposition as this. I am, therefore, returning to you under separate cover, by parcel post, the copies of the proceedings which were sent to me a few days ago, and I am also returning your bill herewith.'' Plaintiff declined to relieve defendant of the obligation of its contract, and brought this suit to recover the amount due.

The affidavit of defense admits the execution and delivery of the order, but sets forth ''that the copies of the proceedings received were not pursuant to the order which the said [treasurer] signed;'' that they ''were not as contemplated by the'' treasurer; that they ''were extended into more sheets than he thought they should have been;'' that ''by double spacing and the use of large margins the material was unduly spread over 1,283 sheets of which one side only was used;'' that defendant was holding them for the benefit of the plaintiff. Defendant does not state how many pages would have been sufficient on its theory of defense.

In support of the sufficiency of those averments to prevent summary judgment, appellant's argument is that it is not liable because what it ''received was not the sort of copies of the proceedings which it believed it ordered;'' that the affidavit of defense ''clearly indicates a mistake'' on the part of defendant; that it believed it ''was getting material of some substantial value and not of such great length;'' that the ''order was ambiguous as to quantity and as to quality.''

The petition to open the judgment asserted that, after the judgment was entered, additional facts were discovered which are set forth at length in the petition, and which may be summarized as follows: The defendant had since learned, what it had not known before, that reports of the proceedings of the committee were available to any person on request without

charge, and that plaintiff failed to inform parties whose patronage he solicited, that copies might be obtained free from the committee itself; that plaintiff received free its copy, from which he made those sold to defendant; that plaintiff's course of dealing with defendant was fraudulent with intent to deceive; that plaintiff obtained the consent of the committee to receive printed copies of the proceedings without informing the committee, that he proposed to sell copies of them generally.

The answer to the petition asserted that all of that information was available to the defendant and to any one else before judgment was entered, and that, in any event, there was neither fraud nor concealment in any sense that would relieve defendant from liability for its order.

We pass the point (though see Brader v. Alinikoff, 85 Pa. Superior Ct. 285, 287) that the term had expired when the petition to open the judgment entered in adverse proceedings, was filed, as it is clear that no legal defense has been set forth, either in the original affidavit, or in the petition to open.

Plaintiff, by its postal card, made a simple proposal to defendant to furnish copies of the proceedings of the committee. We see nothing ambiguous in it; but if there was anything about it that was not clear, or that defendant—conducting a banking business—did not understand, it should have made inquiry, if interested in the subject; it signed the order without question of any kind. Defendant's order when read with plaintiff's proposal, was responsive to it; and while the affidavit of defense leaves no doubt that defendant received what it did not expect, and that it would not have signed the order if it had realized exactly what it was ordering, we can find nothing in the proposal, or in the papers, that would support a charge of fraudulent concealment or of misrepresen-

tation on the part of plaintiff; according to the affidavit of defense, the plaintiff appears to have furnished what he agreed to furnish. There was no fraud or misrepresentation in the fact that plaintiff did not advise defendant that copies could be had free on application to the committee; defendant asked no information of plaintiff on that subject; there is nothing in the pleadings that would put plaintiff under the duty of informing the defendant of that fact. The 'mistake' pleaded is that if defendant had known it could get a free copy of the proceedings from the committee, and, perhaps also, if it had known how extensive the proceedings might become, it would not have agreed to buy copies from plaintiff. The record shows mutual assent intended to be expressed by both parties: (see section 20 Am. Law Ins. Contracts with Pa. Ann. 1929); that defendant ordered and received what it did not expect in quantity is immaterial on these pleadings; generally, the law is applied to acts, not to mere intentions; here there was no ambiguity either in plaintiff's or defendant's expression of intention.

Defendant contends that its pleadings make a case of concealment by one party to the detriment of the other within the rule applied in cases in which such concealment furnished ground for rescission; but here, the means of knowledge were equally accessible to both parties. It is matter of such common knowledge that a court may perhaps take judicial notice of it, though here it is not necessary to do so, that many government publications are distributed free of charge and that others may be had by purchase, and this applies not only to publications sold by the government printing office, but to proceedings before legislative committees. Defendant would seem to treat the case as if, before executing the order, it had asked the plaintiff in substance, whether copies of the pro-

ceedings could be obtained gratuitously and that defendant had remained silent and had thus violated a duty to speak in the course of the. negotiation, (see Laidlaw v. Organ, 2 Wheat. 178; Kintzing v. McElrath, 5 Pa. 467, 469; Miles v. Stevens, 3 Pa. 21, 31; Croyle v. Moses, 90 Pa. 250; Sankey v. McElevey, 104 Pa. 265; Zahn v. McMillin, 179 Pa. 146, 153; 12 R. C. L. page 312, section 73; Williston on Contracts volume 3, section 1497 etc.) but no case is made out for the application of that rule.

Judgment affirmed.