## McCullough *versus* McCullough.

Where one takes the personal property of another, the owner may waive the tort and maintain assumpsit for its value.

ERROR to the Common Pleas of *Jefferson county*.

This was an action of assumpsit, by *William* McCullough *vs.* *James* S. McCullough, to recover, *inter alia*, the value of certain boards, which were run down the Ohio River by defendant. Whether they were *sold* by defendant, did not appear in testimony.

On the trial, the court was requested to instruct the jury that the price of the boards cannot be recovered in this action, because there is no evidence of a sale; but the action ought to have been in trover or trespass.

BUFFINGTON, J., charged *inter alia*:—In addition to the plaintiff's charges in his book, he claims to recover the value of a quantity of boards, belonging to him, and which, he says, the defendant took to market and sold. The testimony of John McCullough, if believed, proves that he rafted in the boards, amounting to about six platforms, one-half of which belonged to the plaintiff, and the other half to himself. The boards were not owned in common, nor mixed up in the rafting, but the plaintiff's all together, and those belonging to the witness in a separate lot. The witness ran them down the creek some distance, when he stranded, and afterwards sold his half to the defendant, James S. McCullough. Some time after that, the defendant ran the boards to market, or, at least, down the Ohio River. Whether this testimony be true, is a question for the jury. But, if true, we are requested to charge the jury, that the plaintiff cannot recover in this form of action; but

[McCullough *v.* McCullough.]

his remedy, if any, would be trover or trespass. The court thinks that, if the defendant took the boards down the river, to market, for the purpose of selling them, and making merchandise out of them, the plaintiff may recover in this suit. It may be true that trover would lie. But the plaintiff might waive the tort, and treat the transaction as a sale, and ask to recover the value of the property only. If the jury believe the defendant assumed ownership over the property, and ran it to market as merchandise, and for the purpose of selling, we think he may recover in this form of action, in the absence of any evidence on part of the defendant to rebut the presumption of a sale and receipt of the money.

It was assigned for error, that,

The court erred in answering the defendant's first point in the negative, and in saying the burden of the proof rested on the defendant to show that he had not sold the boards: Willet *v.* Willet, 3 *Watts* 277.

The case was argued by *Arthurs*, for plaintiff in error; and by *Gordon*, for defendant in error.

The opinion of the court was delivered by

BURNSIDE, J.—The principle ruled by the King's Bench, in Longchamp *v.* Kenny, *Douglas* 137, goes far to govern this case. There it was decided, that great benefit arises from a liberal extension of the action "for money had and received," because the charge and defence in this kind of action are both governed by true equity and conscience; and the court held, that if one person obtain possession of goods intrusted to another to be sold at a fixed price; and at the time when the goods are to be redelivered, or the price accounted for, he *refuses* to do either; and the person to whom they were intrusted, being threatened with an action, pays the fixed price to the owner, such person may recover the same against him who took possession of them, in an action for money had and received. This has ever been considered a leading case to sustain this equitable action; and from that day to the present, both in England and in this country, the rule held in Longchamps and Kenny has been rather extended than abridged. Our last decision on this subject reported, (and we have many,) is Gray *v.* Griffith, 10 *Watts* 431, where the court held, that if goods be sent to a merchant who refuses to receive them because they are not such as were ordered, and, under pretence of redelivering the same to the order of the owner, spurious articles are substituted, and the genuine ones are not returned or accounted for, the owner may waive the tort, and recover the price for which the latter may have been sold, in an action for money had and received; but not upon a count for goods sold and delivered. It is in evi-

[McCullough *v.* McCullough.]

dence by John McCullough, that he stuck the raft in six platforms, eight or nine floors deep, from fourteen to sixteen thousand feet of boards in the raft. They were rafted scale-fashion. It was delivered to the plaintiff in error; one half of the raft belonged to the defendant below, and the other half to James S. McCullough, by purchase. The boards of the respective parties were in different platforms. James S. McCullough took the raft from Brady's, and was last seen with it on the Ohio. It is contended that the court ought to have instructed the jury that the plaintiff could not recover in this action, which, in the judgment of this court, would have been manifest error. It is settled in very many cases, that where one man takes the goods of another, the owner may waive the tort, and maintain assumpsit for their value.

Another question attempted to be raised, was, an alleged settlement between the plaintiff in error and the attorney of the defendant, who is now deceased. There is not a particle of evidence in the case, tending to show that that settlement had any thing to do with the boards in question.

Judgment affirmed.