## Mervine, Appellant, *v.* Arndt.

*Contracts—Sale—Delivery—Auction.*

Where a piece of personal property is put up at auction and knocked down to a bidder, and the terms of the sale are cash or a note with approved security, and it appears that no cash or note was given, and that no actual delivery or tender of the article was made, the contract is executory, and not a sale, and no action can be maintained against the bidder for the price.

Argued Feb. 25, 1907.   Appeal, No. 9, Jan. T., 1907, by plaintiff, from judgment of C. P. Monroe Co., Feb. T., 1905, No. 9, on verdict for defendant in case of Wade H. Mervine v. Thomas Arndt.   Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit for price of goods sold at auction.   Before STAPLES, P. J.

At the trial plaintiff presented this point:

If the jury believe from all the evidence that the sale of the

potato digger to Thomas Arndt, the defendant, was at a public
sale or vendue ; that the said defendant bid the price or sum
of $45.25 on said digger, and that was the highest bid on the
same ; that after the digger was knocked down to the defendant,
in his presence and hearing, the defendant made no objection
to the sale, and further, that the plaintiff, nor anyone lawfully
acting for him, prevented the defendant from taking possession
of and removing the digger, then the said sale was executed
upon the digger being so knocked down to the defendant, the
only thing that remained was payment for the same, and the
plaintiff is entitled to recover the price so bid for the same.
*Answer :* Refused.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1) in giving binding instructions for
defendant, and (6) answer to point as above.

*Rogers L. Burnett,* for appellant.—The fall of the hammer
constitutes an acceptance : Fisher v. Seltzer, 23 Pa. 308.

As between the parties, delivery is not absolutely essential :
Winslow, Lanier & Co. v. Leonard, 24 Pa. 14 ; Gonser v. Smith,
117 Pa. 452 ; Com. v. Fleming, 130 Pa. 138.

The question of delivery should have been submitted to the
jury : Brown v. Reber, 30 Pa. Superior Ct. 114.

In this case the measure of damages is the contract price :
Girard v. Taggart, 5 S. & R. 19 ; Rinehart v. Olwine, 5 W. &
S. 157 ; Benjamin v. Zell, 100 Pa. 33 ; Field v. Schuster, 26
Pa. Superior Ct. 82 ; Ballentine v. Robinson, 46 Pa. 177 ; Un-
excelled Fireworks Co. v. Polites, 130 Pa. 536 ; Reynolds v.
Callender, 19 Pa. Superior Ct. 610 ; R. R. Co. v. Seager, 7 Pa.
Superior Ct. 268 ; Com. v. Fleming, 130 Pa. 138.

*Cicero Gearhart,* for appellee, cited : Mitchell v. Zimmerman,
109 Pa. 183 ; Hand v. Matthews, 208 Pa. 149 ; Woolsey v.
Axton, 192 Pa. 526.

OPINION BY BEAVER, J., April 15, 1907 :

The court below having directed a verdict for the defendant,
the case is to be considered upon the testimony of the plaintiff
alone.   Several issues of fact, including an important one, as
to whether or not the defendant had actually made the bid,

upon which the personal property, for the recovery of the purchase price of which this action of assumpsit was brought, was knocked down, which was stoutly denied by him, and in which he was strongly corroborated, need not be considered. Whether the sale was for cash or upon credit, upon the condition that a note with approved security be given, is, in our view of the case, immaterial. No cash was paid and no note given or tendered.

The law of the case is sufficiently and succinctly stated in Hand v. Matthews, 208 Pa. 149 : " 'An absolute payment in cash . . . . is always implied when nothing is said : ' Benjamin on Sales, sec. 706. In Welsh v. Bell, 32 Pa. 12, Mr. Justice STRONG said (p. 17) : 'No agreement having been made for a credit, it was of course a contract for a cash sale, and without actual delivery the property would not pass to the vendee until payment of the consideration.' In Mitchell v. Zimmerman, 109 Pa. 183, it was held that the above rule that the title to goods sold does not pass to the purchaser until the price is paid, unless payment is waived, applies to auction sales."

There is no allegation of an actual delivery to the defendant. He did not assume possession, nor did he claim title ; nor is there any evidence of the waiver of payment by the plaintiff. Did title vest in him, so as to entitle him to the possession, when the hammer fell ? If it did, the present action of assumpsit would lie. If it did not, it would not lie and the court was entirely right in holding that the contract was executory and that the action should have been not for the purchase price of a sale, which is an executed contract, but for the difference between the bid of the defendant—in which case the fact as to whether or not he made a bid would have been the important question—and the price at a resale.

This subject has been lately fully considered by us in Brown v. Reber, 30 Pa. Superior Ct. 114, in which we held, in accordance with all the authorities, that, upon the sale of a horse at auction, upon the condition that the purchase money should be paid in cash or by a note with sufficient security, and the seller retains possession of the horse pending the production of the note with security, and the horse dies in the meantime, the seller and not the purchaser must sustain the loss. Until the note is produced, the title does not pass.

The precise question which we have here was not involved in that case, but the controlling principle was fully considered and the authorities quoted in Hand v. Matthews, 208 Pa. 149, separately discussed.

Although the terms of the sale were not shown in this case, it is clear, from all the authorities, that the title did not pass until the machine was paid for or the purchase price secured, unless actual delivery was made or payment was expressly waived. So far as the testimony in the case shows, the transaction ended with the declaration of the auctioneer that the property was sold to the defendant. There was no tender of possession on the one hand, nor of payment of money or tender of security on the other. The contract was, therefore, executory and not a sale, which, as already said, is an executed contract. If the plaintiff had refused to deliver possession, it is very clear that the defendant could not have maintained replevin; or, if a creditor of the defendant had levied upon the potato digger, which was the article the sale of which was in question, he could not have maintained a levy or justified a sale. On the other hand, if the defendant had removed the machine without payment of, or security for, the amount of his alleged bid, the plaintiff undoubtedly could have maintained replevin. The court below was clearly right in holding that title had not passed to the defendant and that, therefore, the plaintiff was not entitled to recover under the pleadings.

Judgment affirmed.