## Flood, Appellant, *v.* Yeager.

*Sale—Warranty—Horse—Fraud.*

1. In an action for a breach of warranty on the sale of a horse, where the warranty was that the horse was "solid and sound," the defendant is liable, although he may not have known that the horse was diseased at the time of the sale.

2. In an action of deceit knowledge by the defendant of the unsoundness of the horse would be necessary to support a recovery, but not so in an action on an agreement to warrant.

Argued Dec. 3, 1912. Appeal, No. 69, Oct. T., 1912, by plaintiff, from judgment of C. P. Schuylkill Co., July T., 1911, No. 44, on verdict for defendant in case of James P. Flood v. Alfred Yeager. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Reversed.

Assumpsit on a warranty. Before BECHTEL, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* is the portion of charge referred to in the opinion of the Superior Court.

*S. B. Edwards*, for appellant, cited: Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647; McAllister v. Morgan, 29 Pa. Superior Ct. 476; Zelner v. Wineicki, 10 Kulp,

297; Herman v. Brinker, 17 Pa. Superior Ct. 177; Weidner v. Merz, 148 Pa. 252; Nelson v. Martin, 105 Pa. 229.

*Morris H. Moyer*, with him *M. M. Burke*, for appellee, cited: Holmes v. Tyson, 147 Pa. 305.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff's action was for a breach of warranty on the sale of a horse. It was alleged that the plaintiff when about to purchase a horse from the defendant informed the latter that he did not know anything at all about a horse and that he did not want him, the defendant, to make a mean deal with him; whereupon the defendant said that the horse was solid and sound; that he would guarantee him to be solid and sound. The plaintiff thereupon bought the horse, paid for him and took him away. The horse died ten days afterward from tuberculosis. There was some evidence tending to show that the plaintiff knew before the sale that the horse was not sound. The learned trial judge charged the jury that in order to find a verdict in favor of the plaintiff they must find that there was a warranty on the part of the defendant relative to the physical condition of the horse; that it was absolutely necessary under the pleadings in the case to find such warranty before they could render a verdict for the plaintiff. After calling the attention of the jury to some of the testimony in the case bearing on this subject the court said that it was very important that the defendant should have known the condition of the horse if he was to be held for it because if he did not know the condition of the horse he could not well be held for selling a horse of that sort. This instruction is made the subject of the second assignment of error. In so charging, the court inadvertently applied the law relating to actions of deceit to this action on the warranty. Whether the defendant knew or did not know that the horse was diseased at the time he sold him if he warranted him to be "solid and sound" at that time and the fact were other-

wise he would be liable on such warranty. In an action for deceit knowledge by the defendant of the unsoundness of the horse would be necessary to support a recovery but not so in an action on an agreement to warrant. The defendant in such case undertakes to make the representation good. The action is based not on the defendant's knowledge and misrepresentation but on his promise. We feel constrained therefore to sustain the second assignment.

The judgment is reversed with a venire facias de novo.