## Hueston, Appellant, *v.* Heyburn.

*Contract—Sale—Passing of title—Warranty—Consideration.*

Where a person purchases a cow at a public auction and pays for it by delivering his check to the sales clerk, which is accepted as payment, and the cow is then separated from the other cattle and is earmarked, the title to the cow passes to the purchaser so that a subsequent warranty made by the owner to the purchaser that the cow was sound and all right, and if not the owner would make it right, is without consideration and invalid.

Argued Nov. 19, 1913. Appeal, No. 196, Oct. T., 1912, by plaintiff, from judgment of C. P. Del. Co., Dec. T., 1911, No. 6, for defendant n. o. v. in case of John Hueston v. John E. Heyburn, Jr. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for breach of an alleged warranty. Before JOHNSON, P. J.

At the trial the jury returned a verdict for plaintiff for $62.50. Subsequently the court entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Albert Dutton MacDade,* for appellant.—Any distinct assertion or affirmation as to the quality or character of the thing to be sold, made by the seller during the negotiations for the sale, which it may reasonably be supposed was intended to induce the purchase and was relied upon by the purchaser will be regarded as a warranty: Weimer v. Clement, 37 Pa. 147; Warren v. Phila. Coal Co., 83 Pa. 437; Croyle v. Moses, 90 Pa. 250; Heastings v. McGee, 66 Pa. 384; Dixon v. McClutchey, Addison's Rep. 322; Mundorff v. Wickersham, 63 Pa. 87; Nelson v. Martin, 105 Pa. 229; Pulhamus v. Pursel, 2 Clark, 141; Cassel v. Herron, 5 Clark, 250; Gould v. Gage, 118 Pa. 559; Hess v. Schwartz, 20 Pa. Dist. Rep. 105; Flaccus Oak Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Gardiner v. Nichols Co., 48 Pa. Superior Ct. 510; Freyman v. Knecht, 78 Pa. 141; Holmes v. Tyson, 147 Pa. 305; Armstrong v. Descalzi, 48 Pa. Superior Ct. 171.

*Frank G. Perrin,* for appellee.—The bidder at an auction is bound by the terms of the sale: Hunsberger v. Hartzell, 1 Montgomery County, 66.

The contract was completed when the defendant bid off the article at auction and became the purchaser according to the conditions of sale: Coffman v. Hampton, 2 W. & S. 377.

OPINION BY MORRISON, J., December 17, 1913:

This is an action of assumpsit brought to recover damages for the breach of an alleged warranty made at the sale of personal property to appellant, John Heuston, by appellee, John E. Heyburn, Jr. The action is not ex delicto for the recovery of damages for deceit and fraud.

At the trial counsel for appellee asked for a binding instruction in favor of the defendant. This point was refused and the case was submitted to the jury and a verdict rendered in favor of the plaintiff for $65.00.

Thereupon appellee's counsel moved the court for judgment in favor of defendant non obstante veredicto, and upon argument and consideration the learned court below granted such judgment; hence this appeal.

The learned court below granted the judgment on the ground that at the time of the alleged warranty the cows sold to appellant were his property and that the warranty, if made, was without consideration because made after the sale and delivery of the property, and there was no evidence or pretense that the warranty was made on any new consideration.

On January 23, 1911, the appellant attended an auction sale of cows which was conducted by appellee with the assistance of one Jacob W. Slaughter, auctioneer. It is very clear from the evidence, and especially from that of the appellant himself, that there was no warranty of the cows before they were sold by the auctioneer and struck down to the bidders. At the sale the appellant bought two cows with a number attached to the ear of each, to wit, 3,506 and 3,510, the first for $60.00, and the second for $69.50. The cows were sold and struck down in front of a hotel and were then driven to the opposite side of the hotel and placed in an enclosure. The numbers attached to the ears of the cows bought by appellant of course identified them and all that he had to do was to settle his bids by paying for the cows and drive them away. It is in evidence, and a conceded fact, that shortly after the sale, on the same day, the appellant and all successful bidders were requested to settle their bids with the sale clerk at the hotel, and in pursuance of this request, the appellant gave the said clerk a check for the amount of his bids for the two cows which he had bought and the check was accepted as payment of the bids. Appellant then went to get his cows and located them and then saw the appellee among the cows assisting some other purchasers in getting their cows. Appellant then called appellee's attention particularly to one of the cows and

said to appellee that she was not looking right and he believed she had tuberculosis. And appellant alleges that appellee then guaranteed the cow to be sound and all right and that if not appellee would make it right. Appellee denies this, but the verdict indicates that the jury found in favor of appellant upon this question. But appellant's own testimony clearly shows that this guaranty or warranty was made by appellee after the cows had been struck down to appellant and paid for by him and he was then about to drive them away from the premises where they were placed after the sale. There was some dispute at the trial as to whether the warranty applied to both of the cows or only to one. But the verdict of the jury seems to indicate that the warranty only applied to one cow.

Appellant's theory, at the trial, was that the cow had tuberculosis at the time of the sale and that it was necessary to kill her for that reason, and the jury seem to have found with appellant on that question.

As we view it, the important and controlling question here is, had the title to the cows fully passed from the seller to the buyer before the alleged warranty was made by the seller? "The essence of a sale is the transfer of the property in the thing from seller to buyer for a price:" 35 Cyc. 27. Under the evidence in the present case we think the property in the cows passed from the appellee to the appellant when they were sold to him at auction and he paid his bids to the person authorized by the appellee to receive the same. An attempt is made by appellant's counsel to make a distinction as to the payment because it was by a check which it is claimed the appellant could have prevented being paid by a notice to his banker and that the reason that he did not do so was because of the alleged warranty. In our opinion it is immaterial whether the bids were paid in money or by a check. The appellee saw fit to accept the check in payment of the bids and if it had not been found good when he presented it at the bank, his right

of action would have remained against the appellant to recover the amount of the bids upon the cows. We cannot see that it makes the slightest difference that the seller saw fit to accept the buyer's check and take the chances on its payment.

In Coffman v. Hampton, 2 W. & S. 377, it is held: "The contract was complete when the defendant bid off the articles at auction and became the purchaser according to the conditions of sale." Now what were the conditions of sale in the present case? It is perfectly clear, in the evidence, that the cows were not warranted before the sale. The two in question were sold to the plaintiff and the conditions of the sale were the settlement of his bids, and he did this by giving his check to the person designated by the appellee with whom appellant could settle. In our opinion the moment the check was delivered the full title to the cows was vested in the appellant. No question of identity was involved because the cows were earmarked by number and they had just been sold to appellant by those numbers. Therefore we conclude, assuming that the warranty was made as testified to by appellant, yet it was made after the title to the cows had passed to appellant and it was void for want of consideration.

In 28 Am. & Eng. Ency. of Law (1st ed.), p. 743, it is said: "A warranty, like other contracts, is not valid unless supported by a consideration. Where it is made at the time of the sale, it is a part of the whole contract, and the price paid for the subject of the sale constitutes the consideration for it. It is not essential, however, in such a case, that the representation or warranty should be made at the exact time of the sale; if it is made at any time before the completion of the contract, and so as to form a part of the whole transaction, the price of the thing sold will afford a consideration. But a warranty made after the sale is invalid; unless it has some new consideration to support it, the consideration already given, i. e., the price, is exhausted by the trans-

fer of the property in the thing sold, and there is nothing to support the subsequent warranty, unless a new consideration is given."

If we are right in the conclusion that the title to the cows had fully vested in the appellant when the alleged warranty was made, then it is void for want of consideration because there is not a scintilla of evidence of any new consideration to support it.

Appellant's learned counsel first argues that the verdict of the jury establishes that there was a warranty made before the delivery of the cows, or, in other words, before the title passed from the seller to the buyer, and several authorities are cited upon this proposition. As we read and understand the undisputed testimony there is no ground for contending that the warranty was made before the title to the cows had vested in appellant, and the authorities cited upon this question do not sustain appellant's contention.

Counsel seems to rely with some confidence upon Brown v. Reber, 30 Pa. Superior Ct. 114, but that case and those referred to in it are not in favor of appellant on the facts in his case. On the contrary, we think that case and the cases cited therein fully sustain the judgment of the lower court.

It is next argued, and many authorities cited, that on the sale of personal property where the vendor concealed the defects by reason of replies with intent to deceive the vendee, it was such a fraud as would justify the vendee in rescinding the contract: Croyle v. Moses, 90 Pa. 250; Heastings v. McGee, 66 Pa. 384, and several other authorities are cited. But in this action of assumpsit, on the alleged breach of a warranty, this principle and the cases cited have no application. It is next argued that it makes no difference whether the seller knew the cows were diseased or not, if he warranted them to be sound and all right. This is a correct proposition of law and it needs no citation of authorities in its support. However, our own case of Flood v. Yeager,

52 Pa. Superior Ct. 637, correctly states the law on this question. The argument of appellant's learned counsel that the jury found that the contract of sale and delivery had not been completed before the alleged warranty was made, is not convincing. It is true that the learned court submitted to the jury the question of whether or not the warranty was made before the sale, that is, before the cows were delivered in pursuance of the knocking down. It is not at all strange that the jury found on this question in favor of appellant. Nor is it at all surprising that the learned court subsequently reached the conclusion that he was wrong in submitting this question to the jury. It is unnecessary to repeat what we have said in regard to the undisputed evidence showing that the sale and delivery and the vesting of the title in the appellant were complete before the alleged warranty was made.

The assignments of error are all overruled and the judgment is affirmed, and the appeal is dismissed at the cost of appellant.