Com. of Pa. *v.* Deibert, Appellant.

498

Argued September 26, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*A. D. Knittle,* for appellant.

*James J. Gallagher,* and with him *L. E. Enterline,* District Attorney, for appellee.

OPINION BY KELLER, J., November 21, 1932:

The appellant, Deibert, was convicted of the larceny of a motor bus, from the prosecutor, Hardy. Appellant was a distributor of Stewart trucks, and entered into a written contract with the prosecutor to sell him a truck with a bus body, to be specially made according to the latter's directions, for $3100, of which $300 was to be paid—and was paid—at the signing of the agreement on June 4, 1931. The contract, although in writing, is not printed as part of the record and therefore we do not know its precise terms. But both parties to it agree that there was a sale of the motor bus and that part of the purchase money was to be paid in the future after delivery. They differ as to the amount that was to be thus postponed in payment and the length of time of the credit. On June 12th, the bus was ready for delivery and appellant and the prosecutor together went after it, and it was delivered to Hardy. An application for a certificate of title was signed by Deibert, and then assigned over to Hardy, and instructions were given that a certificate of title was to be issued, without encumbrances, in the name of Hardy, but to be sent to Deibert to be kept by him until the full purchase price was paid. A day or two

later Hardy paid appellant $400, and three days thereafter $1,000 on account of the purchase price. Hardy used the bus in operating a public motor bus line between Shenandoah and Hazleton. It was his only motor bus in use. Within a few days after putting the bus in operation some trouble developed in the water pump and Hardy spoke to Deibert about it and asked the latter to fix it. On or about July 23, 1931, without notice to or knowledge of Hardy, Deibert and one of his mechanics came to the garage in which the bus was stored for the night and on the pretense of examining it for the purpose of making repairs, and in the absence of the garage man, drove it away, and refused to return it to Hardy unless the balance due was paid in cash or a lease was executed for it by Hardy to the appellant. This prosecution followed resulting in the defendant's conviction.

Three questions are stated to be involved in the appeal.

(1) The first is concerned with the construction of the Act of May 11, 1911, P. L. 279, relating to the time and manner of taking exceptions in civil and criminal cases, etc., as amended by the Acts of June 5, 1913, P. L. 421, and May 24, 1923, P. L. 439. It is to be construed in connection with the following facts: At the conclusion of the evidence on both sides, the defendant presented no written point for binding instructions, but orally asked the court to direct a verdict of not guilty, which the court refused to do. No exception was taken to this refusal, nor to the charge of the court. Appellant claims that he is entitled to assign the refusal to direct a verdict of acquittal as error in this court under the provisions of section 1 of the Act of 1911, supra, as amended in 1913, supra, which provides that "it shall not be necessary on the trial of any case...... for the trial judge to allow an exception to any ruling of his; but, immediately succeeding such ruling, the official stenographer shall note

an exception, and it shall thereafter have all the effect of an exception duly written out, signed and sealed by the trial judge.''

The request for a directed verdict was in the nature of a request for instructions to the jury. We pointed out in the case of Com. v. Nathan, 93 Pa. Superior Ct. 193, that such request must be made in writing as provided by the Act of March 24, 1877, P. L. 38, and that an oral request is insufficient to bring before the appellate court the question of the sufficiency of the evidence to secure a conviction.

But if a written point had been presented it would have been governed by Section 2 of the Act of 1911, supra, as amended by the Act of May 24, 1923, supra, and not by Section 1. Section 2 provides that, ''A general exception may be taken to the charge without allowance by the trial judge, and without the assignment of any reason therefor, *at any time before the verdict is rendered,* or thereafter by leave of court; and it shall be thereupon noted by the official stenographer, and shall have all the effect of exceptions duly written out, signed and sealed by the trial judge, at the time of trial. Such exception shall operate and be construed to be an exception to the charge as a whole and to each and every part thereof, and to the answer of the court to each and every point where requests for charge are filed, and to the failure or refusal of the court to answer any requests filed, but it shall not operate or be construed to be an exception to any matters of fact inadvertently misstated by the court unless the court's attention is called to the alleged misstatement prior to the taking of such exception.''

Section 1 of the Act of 1911, supra, relates to rulings of the trial judge on the admission or rejection of evidence, and similar matters, during the course of the trial, which, when an objection to such admission is sustained or overruled, need no special allowance of an exception by the trial judge, but only a request

to the stenographer to note an exception, if counsel intends to press it as error: Lodge v. Stone, 85 Pa. Superior Ct. 164. Section 2 relates to the charge of the court and the answer of or refusal to answer points in the nature of requests for instructions to the jury. This case would come under the latter category. These require, at least, a general exception in order to be assigned as error, which must be taken before verdict, or thereafter, only by leave of court. Section 6 which does away with the necessity of taking an exception to the 'decision' of the court, when it appears in the proceedings of the case, relates to the written order or judgment filed by the court in disposing of a matter pending before it, and avoids the practice, previously in force, of requiring a formal exception to be allowed before the order or judgment could be assigned as error.

The matter complained of is not properly before us either as an oral or written request for instructions and might be disregarded by us.

(2) The second question said to be involved is, whether the evidence in the case was sufficient to prove larceny. This is, in effect, the same question raised by the oral request for a verdict of not guilty. Appellant seeks to bring it before this court by reason of the lower court's refusal to grant a new trial. On the same day the verdict was rendered appellant's counsel made a motion for a new trial without, at the time, filing any reasons. The rules of court of Schuylkill County (Rule 34, par. 1) provide: "Motions for new trials, or in arrest of judgment, shall be made within four days after verdict, and the reasons on which such motions are founded must be filed of record within such four days, unless the time for filing either be extended by order of court." Rule 32, paragraph 1, of the same court requires motions for new trials to be argued within four months of the verdict unless the time be extended by written order of court.

No reasons for a new trial were ever filed and the time for doing so was not extended by the court. The motion was not argued within four months, nor was the time for doing so extended by the court.

The court on April 4, 1932, discharged the motion and rule for new trial for non-compliance with its rules of court. It was fully justified in doing so; and we might well rest there: Com. v. Romesburg, 91 Pa. Superior Ct. 559, 563; Com. v. Popp, 87 Pa. Superior Ct. 193, 195. But as the case is a criminal one, possibly affecting the appellant's liberty, we have examined the record and think there is sufficient evidence, if believed by the jury—and it evidently was believed—to sustain a verdict of guilty.

The title and right of possession of the motor bus was unquestionably in the prosecutor. Part of the purchase price was admittedly to be paid in the future. It was accordingly a sale on credit, not a cash sale. Appellant took the car ostensibly to repair it but really in an attempt to resume possession and ownership unless Hardy paid him the balance due or agreed to change the sale into a bailment. He intended to keep it and make it his own unless Hardy complied with his terms. While the seller of goods for cash may at once replevy them, or repossess himself of them, if the buyer fraudulently or surreptitiously obtained their possession without paying the money: Frech v. Lewis, 218 Pa. 141, 67 Atl. 45; Hand v. Matthews, 208 Pa. 149, 57 Atl. 351; Welsh v. Bell, 32 Pa. 12; Henderson v. Lauch, 21 Pa. 359; Harris v. Smith, 3 S. & R. 20; Mackaness v. Long, 85 Pa. 158, 162, 163; he may not do this if he has done anything by way of ratifying the change in the transaction from a cash sale to a sale on credit: Bowen v. Burk, 13 Pa. 146; Backentoss v. Speicher, 31 Pa. 324; Frech v. Lewis, supra; and a seller on credit has no right thus summarily to repossess himself of goods so sold, to be paid in whole or in part in

the future and delivered by him to the buyer, merely because the buyer fails to pay in accordance with the agreed terms of credit: Henderson v. Lauck, 21 Pa. 359; Dicken v. Winters, 169 Pa. 126, 137, 32 Atl. 289; Harris v. Smith, 3 S. & R. 20; Scott v. Wells, 6 W. & S. 357, 366; Bowen v. Burk, supra; Welsh v. Bell, supra. There was sufficient evidence to justify a finding of the prosecutor's absolute ownership of the motor bus and of the defendant's taking it away from him, under pretense of repairing it, with intent to keep it and not restore it to the owner.

(3)  The third question involves the court's rulings on evidence.

(a)  When the prosecutor was on the stand he was asked what the price of the motor bus would have been if sold on the instalment plan.  It was objected to on the ground that matters of defense could not be introduced by way of cross-examination, and the objection was sustained.  The evidence was afterwards introduced by the appellant as part of his defense. Strictly speaking it was not relevant, because both prosecutor and defendant agreed that the motor bus was not sold on the instalment plan, but on a flat price basis; and they both also agreed in testifying that credit would be extended for part of this amount.

(b)  The court properly permitted the Commonwealth to ask the defendant on cross-examination whether after he had repaired the bus he ever offered to restore it to the prosecutor, or offered to return to him the money paid by him on account of its purchase. It was relevant as shedding light on the defendant's intent in taking away the bus.

The assignments of error are overruled.  The judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed upon him.