## Wade v. Young, Appellant.

Argued December 9, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Jesse R. Evans* and *William P. Young,* for appellant.

*Joseph G. McKeone,* with him *T. D. Wade* and *Eli F. Wismer,* for appellee.

Opinion by Keller, P. J., January 31, 1936:

The defendant, on or about April 19, 1927, 'leased' to the plaintiff a Fordson tractor, for which the plaintiff agreed to deliver in exchange an old tractor, valued at $65, and pay $310, as follows: $50 cash on delivery of the Fordson tractor, and the balance, $260, in twelve monthly instalments of approximately $22 each. When the full consideration, $375, was thus paid title to the tractor was to vest in the plaintiff.

The plaintiff delivered to the defendant the old tractor—which was not in working condition, and so recognized by the parties—and paid the down payment of

$50 in cash, and the Fordson tractor was thereupon delivered to him.

A few days afterwards, on or about April 21, 1927, before any further instalment of 'rental' was due and payable on the Fordson tractor, the defendant came to plaintiff's premises, in the latter's absence, bringing with him the old tractor and took away the Fordson tractor. His reason for so doing was that he had been informed that plaintiff did not own the old tractor which he had delivered to defendant in trade or exchange, but held the same on lease, made some years before with Birdsboro Motor Company. No lease was produced to him by Birdsboro Motor Company or anyone else substantiating said alleged claim, and, in thus acting on such information he assumed the responsibility for breaking his contract, if the claim was unfounded.

The plaintiff brought this action for damages for the breach, and claimed the return of the down payment, $50, plus the loss on certain contracts which he had made, but was unable to perform, because of the removal of the tractor. The jury awarded plaintiff a verdict of $246.51, of which all over $115 was remitted, pursuant to the opinion of the court below, because the plaintiff by paying $65 cash to the defendant could have escaped the loss suffered on said contracts. The defendant has appealed.

He assigns for error (1) refusal of his point for binding instructions, and (2) refusal of judgment non obstante veredicto in his favor.

He relies, as supporting his position, on a conversation between the plaintiff and himself, in the course of which plaintiff said he would get, or try to raise, $65 to give defendant in place of the old tractor, but, it turned out, he was unable to secure the money.

The evidence in the record is all to the effect that this conversation occurred after defendant's breach of

the contract. See, inter alia, pages 29a, 30a, 46a. Unless carried into effect,—which was not done—, tentative negotiations of settlement or efforts to patch up their differences, occurring after defendant's breach of the contract, would not relieve the defendant of the legal consequences of his breach.

The evidence to sustain the claim that plaintiff had leased the old tractor from Birdsboro Motor Company or Miller, its proprietor, was not convincing. The plaintiff swore to an outright purchase by him on credit (See Com. v. Deibert, 106 Pa. Superior Ct. 497, 503, 163 A. 68). No lease was produced, and the evidence that there was one was most unsatisfactory in character. It was fairly submitted by the court to the jury, who apparently placed little reliance on it. The defendant had no cause for complaint on this score.

When defendant, acting on information which turned out to be without foundation in fact, broke his contract with plaintiff and repossessed himself of the tractor at a time when the lessee was not in default, he made himself liable to the plaintiff for the damages naturally resulting from his unwarranted act, and nothing that subsequently occurred between the parties operated as a release or discharge of his responsibility therefor. The cases cited by the appellant are not applicable to the state of facts here presented.

Judgment affirmed.