Commonwealth *v.* Ott, Appellant.

648

Argued March 14, 1944.   Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*William T. Connor,* with him *Scott, Connor & Scott,* for appellant.

*Theodore L. Reimel,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY RENO, J., April 13, 1944:

Appellant and one Ralph Tenaglio were jointly indicted and tried on two bills of indictment charging conspiracy to commit larceny, larceny, and receiving stolen goods.. At the close of .the Commonwealth's case, appellant entered demurrers to the evidence· on both bills.   The demurrers were overruled and ·exceptions

noted. At the same time, appellant, who offered no evidence in his own behalf, made a verbal request for binding instructions, which was denied with no exception taken. Tenaglio testified in his own defense, and at the close of his testimony, appellant again pressed his verbal points for binding instructions, but took no exception to the court's action in overruling them. On these appeals from the sentence imposed after a verdict of guilty on both bills of indictment appellant has assigned as error the declining of the points for charge, the overruling of the demurrers, and the admission of certain testimony by a police officer. These assignments will be considered in order.

It was decided in *Com. v. Nathan,* 93 Pa. Superior Ct. 193, that the Act of March 24, 1877, P. L. 38, §1, 12 PS §678, when read in the light of the subsequent Act of May 11, 1911, P. L. 279, §2, as amended by the Act of May 24, 1923, P. L. 439, §1, 12 PS §1197, applies to criminal cases, and that points for binding instructions must be in writing. A verbal request, therefore, does not bring the question of the sufficiency of the evidence to the appellate court for review. Furthermore, §2 of the Act of 1911, supra, as amended by the Act of 1923, supra, relating to the charge of the court and the answer of or refusal to answer points for charge, requires at least a general exception to the charge to preserve for consideration on appeal the trial court's action on the points submitted: *Com. v. Deibert,* 106 Pa. Superior Ct. 497, 163 A. 68.

However, since appellant demurred after the Commonwealth rested, and excepted to the court's action thereon, the evidence is properly before us, and we must test its sufficiency: *Com. v. Stosny,* 152 Pa. Superior Ct. 236, 31 A. 2d 582; *Com. v. Smith,* 135 Pa. Superior Ct. 174, 5 A. 2d 383. For the purpose of deciding the propriety of overruling the demurrer, all the facts which the evidence tends to prove, together with

all the inferences legitimately drawn therefrom, are admitted: *Com. v. Kerr*, 150 Pa. Superior Ct. 598, 29 A. 340; *Com. v. Waters*, 148 Pa. Superior Ct. 473, 25 A. 2d 756; *Com. v. Liebowitz*, 143 Pa. Superior Ct. 75, 17 A. 2d 719; *Com. v. Marino*, 142 Pa. Superior Ct. 327, 16 A. 2d 314.

The question arises, whether, in passing upon the demurrers, we may examine the testimony of Tenaglio, who testified after the Commonwealth and appellant had closed their cases and after the demurrers had been entered and ruled upon by the court.

Prior to the Act of June 5, 1937, P. L. 1703, §1, 19 PS §481, in criminal prosecutions, the effect of a demurrer to the evidence in which the Commonwealth joined was to make an irrevocable admission of all the facts then in the record and the inferences reasonably deducible from them. The jury was discharged and the only aspect of the case remaining was the sufficiency in law of the admitted facts and inferences to sustain a conviction on the indictment. If the demurrer was overruled, the defendant was sentenced; if it was sustained, he was discharged; and both sides had the right to appeal, bringing the question of the sufficiency of the evidence to the appellate court: *Com. v. Kolsky*, 100 Pa. Superior Ct. 596; *Com. v. Ernesto*, 93 Pa. Superior Ct. 339; *Com. v. Williams*, 71 Pa. Superior Ct. 311. Therefore, where on the trial of co-defendants, some of them demurred to the Commonwealth's evidence and others presented a defense, it was improper to consider the testimony of a co-defendant when ruling on the demurrers, for the reason that, as to the demurrants, the trial was concluded with the presentation of the demurrer: *Com. v. Smith*, 97 Pa. Superior Ct. 157.

The Act of 1937, supra, worked a change in criminal procedure by affording a defendant an opportunity to test the sufficiency of the evidence against him without losing his right to go to the jury in the event of an ad-

verse ruling on his demurrer. The truth of the Commonwealth's evidence is now admitted only "for the purpose of deciding upon the demurrer" and no appeal may be taken by the defendant until final judgment has been entered upon a verdict of guilty. If the demurrer is overruled, the trial proceeds "as if such demurrer had not been made." When an appeal follows a judgment of sentence and the ruling on the demurrer is assigned as error, the defendant will be discharged only if all the evidence in the case, including that introduced after the entry of the demurrer, is insufficient to support the jury's verdict: *Com. v. Heller,* 147 Pa. Superior Ct. 68, 24 A. 2d 460; *Com. v. Adams,* 146 Pa. Superior Ct. 601, 23 A. 2d 59; *Com. v. Marino,* supra. Since a demurrer to the evidence no longer discharges the jury and terminates the trial of the demurrant, we are permitted to review Tenaglio's testimony in the consideration of appellant's assignment of error based upon the overruling of his demurrers.

The evidence, to which we now turn, discloses that on July 26, 1943, the day on which the crimes were alleged to have been committed, Tenaglio was a truck driver for the Owl Transportation Company, and appellant was employed as a "checker" at the warehouse of The W. J. McCahan Sugar Refining and Molasses Co., located at the foot of Tasker Street, Philadelphia. On that day Tenaglio arrived at the refinery with an empty truck and was given a sugar withdrawal order, authorizing him to receive 11,000 pounds of sugar from the warehouse, and a blank receipt for a like quantity of sugar. Tenaglio, who had become acquainted with appellant on his many visits to the refinery, gave appellant the withdrawal order and appellant directed laborers to bring sugar to the warehouse door, where it was loaded onto the truck, in appellant's presence, by Tenaglio and his helper. Appellant's duties required him to check the quantities of sugar removed from the

warehouse against the amounts authorized on withdrawal orders, and, after loading was completed, to secure a receipt from the truck driver, which was also verified and signed by him, for the quantity of sugar placed on each truck. Tenaglio, as driver, who had a "pretty good idea" from his past experience whether the sugar on his truck was the quantity for which he was responsible, and appellant, as checker, signed a receipt for 11,000 pounds of sugar, the amount specified on the withdrawal order. Tenaglio then left the refinery and drove west on Tasker Street, where, after having proceeded a few blocks, he was followed by his employer, who was in the neighborhood on other business. The truck stopped at an intersection where a grocery store was located, and as Tenaglio was opening the truck's doors, he was directed by his employer to return to the Owl Transportation Company garage and an officer was summoned. Later the same day, when the truck was examined at the garage it was found to contain 19,100 pounds of McCahan sugar.

The evidence against appellant is circumstantial, but that fact alone does not militate against his conviction if the evidence is persuasive to the degree required by the law. "An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities": *Com. v. Strantz*, 328 Pa. 33, 43, 195 A. 75. "When a crime charged is sought to be sustained wholly by circumstantial evidence the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and should be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt": *Com. v. Marino*, supra, p. 334. See also *Com. v. Libonati*, 346 Pa. 504, 31 A. 2d 95. However, the Commonwealth is not

obliged to demonstrate the utter impossibility of innocence: *Com. v. Meyers,* 154 Pa. Superior Ct. 8, 34 A. 2d 916. The only reasonable interpretation to be placed on the facts is that appellant and Tenaglio, acting in concert, stole 8,100 pounds of sugar and falsified the refinery's records to conceal their deed. The testimony developed an enmeshing web of circumstances about appellant, amply sufficient to overcome the presumption of innocence.

After Tenaglio returned to the Owl Transportation Company's premises he was placed under arrest by a police officer who testified that immediately after the arrest he was sitting in the truck with Tenaglio when Tenaglio stated that he had "hot sugar" in the truck and offered the officer $100 to "forget about it." The refusal of the trial judge to strike this testimony from the record as against appellant, is the basis of the last assignment of error.

The declarations of one conspirator, made to third parties in the absence of his co-conspirator, are admissible in evidence against both if the declarations were made during the existence of the conspiracy and in furtherance of the common design, for they form a part of the fraudulent transaction: *Com. v. Jermyn,* 101 Pa. Superior Ct. 455; *Com. v. Strauss,* 89 Pa. Superior Ct. 82; *Com. v. Deutsch,* 72 Pa. Superior Ct. 298; *Com. v. Bingle,* 62 Pa. Superior Ct. 105. It is often difficult to draw a sharp line through the precise point at which the community of purpose was abandoned and the erstwhile conspirators were again acting as free agents, but in this case we think the joint venture was still continuing when the incident with the police officer occurred. The conspiracy necessarily extended to the disposition of the stolen sugar, for it would be ignoring realities to conclude that appellant's interest in the common scheme ended when Tenaglio departed from the refinery's premises. If Tenaglio had escaped being

taken to police headquarters, who can say that he would not have been able to sell his loot and thus carry the original plan to its contemplated conclusion? But even if it be conceded that the object of the conspirators was frustrated by Tenaglio's arrest, appellant may not complain of the testimony of the officer, for the jury was specifically instructed that this evidence should be considered against Tenaglio alone. See *Com. v. Berman*, 119 Pa. Superior Ct. 315, 181 A. 244; *Com. v. Dibella*, 72 Pa. Superior Ct. 360.

All assignments of error are overruled; the judgment is affirmed; and it is ordered that the appellant, if released on bail, appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence or any part of it which had not been served at the time his appeal was made a supersedeas.