## Commonwealth *v.* Mason, Appellant.

Argued March 9, 1954. Before RHODES, P. J.; ROSS, GUNTHER, WRIGHT and ERVIN, JJ.

*Charles W. Eaby,* with him *Charles W. Eaby, Jr.,* for appellant.

*Daniel J. McCauley, Jr.,* Special Deputy Attorney General, with him *William C. Storb,* District Attorney, *Charles M. Willits,* Special Deputy Attorney General, and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY ROSS, J., July 13, 1954:

This is a prosecution under The Pennsylvania Securities Act (Act of June 24, 1939, P. L. 748, as reenacted and amended by the Act of July 10, 1941, P. L. 317, 70 PS sec. 31 et seq.). The defendant was tried by a judge sitting without a jury pursuant to section 1 of the Act of June 11, 1935, P. L. 319 as amended, 19 PS sec. 786. At the conclusion of the Commonwealth's case counsel for the defendant orally asked the court for a "directed verdict of not guilty", which was refused. The court found the defendant guilty and after sentence was pronounced, he took this appeal.

The Commonwealth argues with considerable force that this appeal should be quashed for the reason that the defendant's failure to put his request for a directed verdict in writing precludes an appellate review of the question of the sufficiency of the evidence. Cf. *Com. v. Nathan,* 93 Pa. Superior Ct. 193; *Com. v. Ott,* 154 Pa.

Superior Ct. 647, 36 A. 2d 838; *Com. v. Deibert,* 106 Pa. Superior Ct. 497, 163 A. 68. We prefer, however, to dispose of the case on its merits.

The defendant was convicted of a violation of section 22 of The Pennsylvania Securities Act, supra, 70 PS sec. 52, which provides, inter alia: "Any dealer or salesman who shall in this State, without being registered hereunder . . . (b) engage in the business of inducing holders of securities to effect the sale thereof through a person registered hereunder or otherwise, directly or indirectly, in order to produce funds to pay for other investments sold by such dealer or by such salesman for a dealer . . ." shall be guilty of a misdemeanor.

In January 1952 the defendant made three separate trips to the home of Christian R. Martin in Earl Township, Lancaster County. On each occasion Martin turned over to the defendant certain shares of stock in various corporations and received in return oil and gas leases on a total of 200 acres of land in San Miguel County, New Mexico. These leases apparently were owned by N. S. Bowles and Clyde R. Bowles, as defendant's exhibit No. 5 shows transfer of the leases by the Bowles to Martin.

The defendant was not registered as a dealer or salesman under the Act; he does not contend that he was not a dealer or salesman, nor does he contend that the items for which he received securities from Martin were not investments. He does contend, however, that there is no evidence that he *induced* Martin to part with the securities.

On cross-examination Martin gave affirmative answers when counsel for the defendant suggested that the defendant employed "no force or inducement" to get him to make the transfers, that "there was no force used to compel" him to do so, that he had "nobody to

blame except" himself, and that he was "perfectly satisfied with the whole 3 transactions".

The defendant argues that this testimony shows that Martin was not coerced into turning over his stock and did it willingly and, therefore, it follows that he was not induced to part with his securities. This argument, however, is fallacious because it puts too restricted a meaning on the word "induce". "Induce" is defined in Webster's New International Dictionary (2nd ed.) to mean: "to lead on; to influence, to prevail on; to move by persuasion or influence. . . . to bring on or about; to effect; cause; as a fever *induced* by fatigue or exposure". The United States Supreme Court in *International Brotherhood v. National Labor Relations Board,* 341 U. S. 694, 701, 702, in construing the Labor Relations Act, held that the word "induce" includes every form of influence and persuasion. "Induce" does not necessarily include any element of fraud or coercion. It may—and often does—consist of the glib talk of a salesman, particularly of a salesman of oil leases on land in New Mexico.

In this case, there is no testimony directly showing inducement. However, the fact finder might—and obviously did—infer inducement from all the circumstances: the age of Martin (77 years), the type and value of the stocks turned over for the leases, the speculative nature and value of the leases, and particularly the fact that the defendant undoubtedly was the moving party in the transactions—he went to the home of Martin.

Although as stated above, the leases which were transferred to Martin were owned by Bowles and not by the defendant, the latter contends that this was only an exchange of securities, and therefore no violation of the Act. We do not agree with this contention.

In our opinion, the transaction here constituted a "sale" within the meaning of the Act.

Judgment of sentence affirmed.