Commonwealth ex rel. Perry, Appellant, *v.* Day.

Submitted March 23, 1956.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William Perry,* appellant, in propria persona.

*Vincent G. Panati,* First Assistant District Attorney, *Victor Wright, Christopher F. Edley,* and *Jerome B. Apfel,* Assistant District Attorneys, *James N. Lafferty,* Deputy District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, April 11, 1956:

The relator was indicted on Bill 554 charging armed robbery, and also on Bill 553 charging him with conspiracy with others to commit the crime.  At his trial on December 28, 1954, before Judge KUN, he was represented by counsel.  He was found guilty on both charges and was sentenced to terms of imprisonment of from 10 to 20 years for robbery and 1 to 2 years on his conviction of conspiracy; the sentences to run

consecutively. No appeal was taken by relator from either conviction and sentence.

About June 1, 1955 relator filed a paper with a clerk of the quarter sessions of Philadelphia County which he designated "Motion for New Trial". On October 7, 1955, the petition was referred to Judge KUN, who had presided at relator's trial, for disposition.

Relator in his petition averred "that he did not have a fair and impartial trial" and in his brief he contends that he now is entitled to a new trial because of alleged trial errors and the insufficiency of the evidence to sustain his convictions. Specifically he questions the testimony identifying him as the robber. Under the practice in the quarter sessions of Philadelphia, motions for new trials are filed within 4 days. Here the application was not made until more than 5 months after relator's conviction and sentence. It is not error for the court to refuse a new trial where the defendant has failed to comply with the rules of the court as to such motion. *Com. v. Deibert,* 106 Pa. Superior Ct. 497, 163 A. 68. Moreover, after the term in which judgment of sentence was imposed (*Commonwealth v. Carpenter,* 163 Pa. Superior Ct. 30, 60 A. 2d 407), a motion for a new trial, nunc pro tunc, which in effect seeks a review of the trial in which the defendant was convicted and subsequently sentenced, must be refused "where the defendant does not aver fraud or its equivalent". *Commonwealth v. Monaghan,* 162 Pa. Superior Ct. 530, 58 A. 2d 486. Relator did not charge fraud either in his petition nor in his brief in the present appeal.

Because the relator clearly was not entitled to a new trial the lower court, based on the alternative prayer of his "motion" that "he be immediately released from further imprisonment" treated his petition as an application for a writ of habeas corpus. In dismissing

the petition Judge KUN properly characterized it as "nothing more than an expression of [relator's] dissatisfaction with the conduct and results of the trial and as an attack on the sufficiency of the evidence". The time for appeal from the judgment of sentence had long since expired (Act of May 11, 1927, P. L. 972, 12 PS §1136) and the alleged trial errors questioning the regularity of the proceedings cannot be made a substitute for an appeal. *Com. ex rel. Howard v. Claudy*, 175 Pa. Superior Ct. 1, 102 A. 2d 486; *Com. ex rel. Scasserra v. Keenan*, 175 Pa. Superior Ct. 636, 106 A. 2d 843; cf. *Com. ex rel. Fox v. Tees*, 175 Pa. Superior Ct. 453, 106 A. 2d 878.

Moreover there is no merit in the contention that the crime of conspiracy merges with the completed offense. The crimes are separate and distinct. *Commonwealth v. Downer*, 159 Pa. Superior Ct. 626, 49 A. 2d 516.

Order affirmed.