## McKinney v. Commonwealth

*John E. Eberly*, for plaintiffs.
*Michael Creighton*, for Commonwealth.

WOLFE, P. J., March 14, 1973.—This matter is before us on motion by plaintiffs, Louis McKinney and Gilbert R. Bigley, to strike the Commonwealth's motion for a new trial on the grounds the Commonwealth has neglected to file its motion within the four-day period permitted by local rule of court.

The subject matter of the trial was condemnation of plaintiffs' property by the Commonwealth and a verdict was entered in favor of plaintiffs on Wednesday, November 22, 1972. The motion for new trial was filed with the prothonotary on November 30, 1972, and, therefore, we find the following intervening days when the prothonotary's office was closed:

| | |
|---|---|
| Wednesday, November 22, 1972 | Trial and verdict rendered |
| Thursday, November 23, 1972 | Thanksgiving Day — Court closed |
| Friday, November 24, 1972 | Court open |
| Saturday, November 25, 1972 | Court closed |
| Sunday, November 26, 1972 | Court closed |
| Monday, November 27, 1972 | Court open |
| Tuesday, November 28, 1972 | Court open |
| Wednesday, November 29, 1972 | Court open |
| Thursday, November 30, 1972 | Court open — motion for new trial filed. |

The Act of March 28, 1835, P. L. 88, sec. 8, 12 PS §680, requires the court to entertain motions for new trial; however, this act is silent on the time when such motions must be filed.

The courts in construing the time a motion must be filed have left the practice to the local courts. In Commonwealth v. Whiting, 205 Pa. Superior Ct. 92 (1965), in considering motions following a criminal case, the court stated:

"It is the practice generally throughout the Commonwealth that motions for a new trial must be filed not later than four days after verdict. The Federal Rules allow a period of five days, and this time limitation is mandatory: United States v. Kramer, 172 F. Supp. 288; United States v. Laurelli, 187 F. Supp. 30. Motions for a new trial must be made prior to sentence: Commonwealth v. Aikens, 179 Pa. Superior Ct. 501, 118 A. 2d 205. The refusal of a new trial is not error where the motion therefor is not filed within the time prescribed by the rules of court: Commonwealth ex rel. Perry v. Day, 181 Pa. Superior Ct. 73, 121 A. 2d 904; Commonwealth v. Deibert, 106 Pa. Superior Ct. 497, 163 A. 68."

In this court, the statute of limitations is controlled by Rule 27 of the Rules of Civil Procedure of the Court of Common Pleas of the Thirty-Seventh Judicial District consisting of Warren and Forest Counties which provides, under section 11:

"All motions for new trials, for judgment n.o.v., arrest of judgment and to take off a non-suit, shall be made and the reasons filed, within four days after the verdict or non-suit, Sundays excluded; and if in the meantime the Court adjourns, a special application may be made to the Judge, and his allowance with the reasons presented filed within the time."

This rule follows the case law in other jurisdictions as we find in 6A Standard Pa. Pract. §97, the following

language: "A motion for a new trial must be made within the time prescribed by the rules of the court, which, in accord with the common-law rule, is usually 4 days after verdict."

Although the Commonwealth has not asked to file its motion nunc pro tunc which the courts have discretionary authority to permit (Clapsaddle v. Sanders, 47 D. & C. 2d 360 (1969)), we will consider the motion in that light due to its late filing.

In so considering, the reasons advanced for a new trial are the usual boiler-plate ones, namely, the verdict was against the evidence, against the weight of the evidence, against the law and the Commonwealth reserves the right to file additional reasons at such time as the testimony and the charge of the court are transcribed.

Otherwise, the Commonwealth has not asked in the motion for a new trial nor has it advanced any reasons that it has been prejudiced or limited in any way that would deny it basic and fundamental justice.

The Commonwealth's only argument advanced to the court in support of its motion is that Monday, November 27, 1972, was the opening of deer hunting season and most courts are generally closed, and counsel was of the mistaken opinion this court would be closed on this date and, therefore, no action was taken. Even if we accept this reason, which we do not, the motion was not filed until three days thereafter. The Act of June 20, 1883, P. L. 136, sec. 1, 76 PS §172, requires, in computing time to perform any act, duty or order of the court, the time or duration for the performance shall be computed to exclude the first and include the last day of such prescribed or fixed period of duration of time provided, if the last day falls on Saturday or Sunday or a legal holiday by the laws of this Commonwealth, or by the United States, such day shall be omitted from the computation. Rule 106 of the Penn-

sylvania Rules of Civil Procedure likewise follows this act by providing that the first day is to be excluded and the last day included in any time-period computation.

Hence, in the instant case, the last day for filing fell on November 27, 1972, since the last day was Sunday, November 26, 1972, notwithstanding Thanksgiving Day fell on November 23, 1972, which must be counted within the four-day period. See Clapsaddle v. Sanders, supra.

We are aware and very concerned that a new trial should be granted in any case, even on the court's own motion, where basic and fundamental justice was not rendered the parties at the initial trial. In the instant case, the only issue before the jury was that of damages due the condemnees under the Eminent Domain Code by reason of the taking of their property by the Commonwealth for highway use. This trial lasted one day with no special exceptions taken to the charge of the court and almost devoid of any objections taken during the course of the trial. The jury rendered its verdict at 4:40 p.m. with the trial commencing at 9:30 a.m., with an intervening view of the premises, and rendered its verdict in favor of plaintiffs in the amount of $59,500. Following the rendition of the verdict, the parties were afforded an opportunity to poll the jury which was declined.

We find no basic and fundamental error in this record and none has been advanced to us to permit a late filing nunc pro tunc and, thereafter, we are compelled to deny the motion and, therefore, enter the following

## ORDER

And now, to wit, March 14, 1973, the motion to strike defendant's motion for new trial is granted.

Exceptions to defendant.